UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Ronald S. Gellert, Esquire
Gellert Seitz Busenkell & Brown LLC
1201 N. Orange St, Suite 300
Wilmington, DE  19801
Telephone:  302-425-5806
Facsimile:  302-425-5814
Email:  rgellert@gsbblaw.com
*Attorneys for the Debtor*

| | |
|---|---|
| In re: | Chapter 11 |
| SOLEPLY, LLC, | Subchapter V |
| Debtor. | Case No.: 25-12919 (ABA) |
| | Judge: Altenburg |

### CERTIFICATION OF THOMAS YODER IN SUPPORT OF CONFIRMATION OF DEBTOR'S PROPOSED SMALL BUSINESS PLAN OF REORGANIZATION

I, THOMAS YODER, of full age, hereby certify as follows:

1. I am the Managing Member of Soleply LLC ("Soleply" or, the "Debtor") and make this Certification in Support of Confirmation of Debtor's Second Amended Sucbchapter V Plan of Reorganization[1] filed on June 20, 2025 (Dkt. No. 77), the confirmation hearing on which is scheduled for August 14, 2025 at 10:00 a.m.

2. Unless otherwise stated herein, the facts set forth in this Certification are based upon my personal knowledge, discussions with professionals and review of relevant documents maintained by Debtor in the ordinary course of Debtor's financial affairs.

---

[1] Any capitalized words in this Certification have the same meaning as in the Plan.

## BACKGROUND

3. Soleply is registered as a New Jersey limited liability company and is the business of retail high end sneaker and fashion sales.

4. On March 21, 2025 (the "Petition Date"), Soleply filed a petition for relief under Subchapter V of Chapter 11, Title 11 of the Bankruptcy Code (Dkt. No. 1).

5. Subsequent to the Petition Date, the Debtor has been operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. Natasha Songonuga was appointed as the Sub V Trustee on March 26, 2025 (Dkt. No. 22).

7. Prior to the Petition Date, the Debtor operated several retail stores in various malls throughout the eastern coast of the United States.

8. As part of the Bankruptcy Case, the Debtor was able to reject a number of its underperforming locations and assume its most important locations in Cherry Hill, King of Prussia and Plymouth Meeting.

9. The Debtor's proposed Small Business Plan of Reorganization was filed on June 20, 2025 (the "Plan"), the deadline for the Debtor's Chapter 11 Subchapter V Plan.

10. On June 24, 2025, Counsel transmitted the Plan, Order Setting Deadlines and Scheduling Confirmation Hearing entered on June 23, 2025 and Ballot conforming to official Form 314 to Creditors entitled to vote on the Plan, the Office of the United States Trustee, and other parties in interest pursuant to Fed. Bankr. P. 3017(d).

11. On August 4, 2025, Counsel filed a Certification of Balloting with respect to the Plan, which indicated that Classes 1 through 4 were entitled to vote on the Plan and that each class of creditors voted to accept the Plan. (Dkt. No. 84)

12.     I understand that in order for the Plan to be confirmed, both the Debtor and the Plan must satisfy the requirements of Bankruptcy Code Sections § 1191(a) or (b), which incorporate the provisions of Bankruptcy Code § 1129. Based on my understanding of the Plan, the events relating to the bankruptcy filing, the formulation of the Plan and the Debtor's obligations under the Bankruptcy Code, to the best of my knowledge, information and belief, the Debtor and the Plan satisfy the requirements of the Bankruptcy Code for the confirmation of the Plan as set forth below.

**OVERVIEW OF THE PLAN OF REORGANIZTION**

13.     The Plan is a plan of reorganization. Under the Plan, Soleply will continue to operate and the revenues from future operations will be used to fund the Plan, which provides for the payment of claims as set forth in the Plan. Unclassifed claims will be paid as follows: Allowed Administrative Claims[3] shall be paid on the Effective Date of the Plan (or as may otherwise be agreed to between the Debtor and the holder(s) of Administrative Claims), and Allowed Priority Tax Claims, if any, will be paid, in full on the Effective Date.

    A.     <u>Secured Claims.</u>

      <u>Class 1</u>:     <u>Fundomate</u> - The Debtor shall treat $395,000 of the Fundomate claim as secured and make 36 equal monthly installments amounting to $270,000.  Following completion of the Plan, the Debtor shall continue to pay Fundomate 24 equal monthly installments amounting to $125,000.  Any remainder claim shall be treated as unsecured.

      Class 2:     <u>Mercedes Benz Financial Services –</u>

        a.  2022 Sprinter Van: the Debtor shall continue to make regular monthly payments as further set forth in the Plan.

        b.  2021 Sprinter Van: the Debtor will pay the sum of $23,000 plus 9.2% interest in equal monthly installments over 36 months.

---

[3] The Administrative Claim of Counsel for compensation and reimbursement of expenses incurred during the Chapter 11 case is to be paid upon the Effective Date of the Plan or upon the entry of an Order approving the compensation and reimbursement of expenses if the fees and expenses have not been approved by the Bankruptcy Court on/before the Effective Date, or as may otherwise be agreed to by Counsel and the Debtor.

B.    General Unsecured Claim. General Unsecured Claims shall be paid approximately 10% of their allowed general unsecured claims from the Debtor's projected disposable income to be paid on a quarterly basis.

C.    Equity Claims:    Equity holders will receive no distribution but upon confirmation, the company shall vest in the current ownership in the manner and amount that existed pre-petition.

14.    In order to confirm a plan, 11 U.S.C. § 1191 requires that a debtor satisfy the requirements of Bankruptcy Code §1129(a).

## PLAN OF REORGANIZATION

A.    Section 1129(a)(1) and (a)(2).

15.    To the best of my knowledge, information and belief, as required by sections 1129(a)(1) and (a)(2) of the Bankruptcy Code, the Plan and the Debtor, as the proponent of the Plan, have complied with the applicable provisions of the Bankruptcy Code as follows:

(a)    Sections 1122 and 1123(a)(1): Article 2 of the Plan provides for separate classification of creditors and equity interests into four (4) classes (3 classes of creditors and 1 class for the equity interest holders). Each of the claims or equity interests in each particular class is substantially similar to the other claims or equity interests in such class. Administrative Claims and Priority Tax Claims are designated (but are not classified) and are treated separately under the Plan.

(b)    Section 1123(a)(2): Article 2 of the Plan specifies that Classes 1-4 are impaired under the Plan.

(c)    Section 1123(a)(3): Article 2 of the Plan specifies the treatment of each class of claims and equity interests and specifies that Classes 1 through 4 are impaired under the Plan.

(d)    Section 1123(a)(4): The Plan provides for the same treatment for each claim or equity interest in each particular class.

(e)    Section 1123(a)(5): The Plan provides that Debtor will retain its assets and that the means of implementation of the Plan will be Debtor's on-going revenues.

(f)    Section 1123(a)(6): Section 1123(a)(6) is not applicable to this proceeding, as Debtor is a closely held professional corporation.

(g)    Section 1123(a)(7): The Plan contains only provisions that are consistent with the interests of creditors.

(h)     Section 1123(a)(8): This section is not applicable because Debtor is a limited liability company.

(i)     Section 1123(b): The Plan contains additional provisions which are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, the following:

(1)     Section 1123(b)(1): As permitted by Section 1123(b)(1) of the Bankruptcy Code, Article 2 of the Plan provides for the impairment of Classes 1 through 4.

(2)     Section 1123(b)(2): In accordance with §1123(b)(2) of the Bankruptcy Code, Article 2.3 of the Plan provides which executory contracts not previously assumed, assumed and assigned or rejected pursuant to Second 365 of the Bankruptcy Code and orders of this Court will be deemed to have been assumed, and which executory contracts none will be deemed to have been rejected, upon confirmation of the Plan.

(3)     Section 1123(b)(3): In accordance with section 1123(b)(3) of the Bankruptcy Code, the Plan provided that any/all Causes of Action shall be retained and enforced by the Debtor.

(4)     Section 1123(b)(4): Although permitted by section 1123(b)(4) of the Bankruptcy Code, the Plan does not provide for the sale of any assets and the distribution of the proceeds of such sale among holders of claims.

(5)     Section 1123(b)(5): In accordance with section 1123(b)(5) of the Bankruptcy Code, the Plan modifies or leaves unaffected, as the case may be, the rights of holders of each class of Claims.

(6)     Section 1123(b)(6): In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions which are not inconsistent with the applicable provisions of the Bankruptcy Code.

(j)     Section 1123(c): Section 1123(c) of the Bankruptcy Code does not apply to the Plan because Debtor is not an individual.

(k)     Section 1123(d): The Plan provides for the cure of the default in payments owed to creditors, with the defaults being cured being determined in accordance with the underlying agreement(s) and applicable nonbankruptcy law.

(l)     Sections 1125 and 1126: It is believed that the Plan complies with sections 1125 and 1126 of the Bankruptcy Code regarding disclosure and plan solicitation. On June 24, 2025, copies of the Plan, Order Setting Deadlines and Scheduling Confirmation Hearing and

Ballots were sent to all creditors and parties in interest in compliance with sections 1125 and 1126 of the Bankruptcy Code. Thereafter, the votes were tabulated and a Certification of Balloting was filed by Counsel. It is believed that the Debtor has complied with the applicable provisions of the Bankruptcy Code set forth in section 1125 of the Bankruptcy Code and the Order Setting Deadlines and Scheduling Confirmation Hearing.

        B.      Section 1129(a)(3).

16.     The Plan was proposed in good faith and not by any means forbidden by law. The Plan provides for funding by way of the Debtor's on-going, post-petition revenues. The Plan was proposed for the purpose of payment of distributions to creditors in accordance with the priorities set forth in Bankruptcy Code and the provisions of the Plan.

        C.      Section 1129(a)(4).

17.     Professional fees and expenses are subject to the approval of the Bankruptcy Court and will be paid as agreed by the Debtor and the respective professionals. Any additional fees and expenses of professionals through the Effective Date of the Plan remain subject to final review for reasonableness by the Court under Section 330 of the Bankruptcy Code.

        D.      Section 1129(a)(5).

18.     After confirmation of the Plan, Dustin Billow and myself will continue to be the members and managers of the Debtor and my continuing in these capacities is consistent with the interests of creditors of the Debtor.

        E.      Section 1129(a)(6).

19.     Section 1129(a)(6) of the Bankruptcy Code is not applicable because there are no governmental regulatory commission(s) with jurisdiction over rates charged by the Debtor.

        F.      Section 1129(a)(7).

20.     As set forth in the Certification of Balloting, each of the impaired classes voted to accept the Plan. In addition, all Classes will receive or retain under the Plan property of a value, as of the Effective Date, which is not less than the value such claims holders would receive if the

Debtor's assets were to be liquidated under Chapter 7 of the Bankruptcy Code.

G.    Section 1129(a)(8).

21.    Classes 1 through 4 are impaired under the Plan and each class has affirmatively voted to accept the Plan. As a result, the Debtor submits that the Plan meets the requirements set forth in §§ 1129(a)(7) and (8).

22.    For the reasons noted above, the Plan meets the requirements of § 1129(a)(8) because it has been accepted or deemed accepted, by all classes of claims or interests that are impaired under the Plan (Classes 1 through 4).

H.    Section 1129 (a)(9).

23.    Article 2 of the Plan provides that all Allowed Administrative Claims will be paid in full, on or before the later of: (i) the Effective Date or (ii) as otherwise agreed between the Debtor and the holder of an Allowed Administrative Claim. Article 2 of the Plan provides for payment of Allowed Priority Tax Claims on the Effective Date or as otherwise agreed.

I.    Section 1129(a)(10).

24.    As set forth in the Certification of Balloting, at least one impaired class has voted to accept the Plan without considering the acceptance by any insider. Specifically, Classes 1-4 have affirmatively voted to accept the Plan.

J.    Section 1129(a)(11).

25.    Confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization of the Debtor's financial affairs.  The Debtor believes that it is well-positioned to reorganize its financial affairs and that, if the Plan is confirmed, it is not likely that confirmation will be followed by liquidation or the need for further reorganization. The Debtor's belief that the Plan is feasible is based, primarily, upon the following:

(a) Reduced expenses as a result of the rejection of underperforming leases.

(b) Increased growth at the remaining and core geographic center of the

K. Section 1129(a)(12).

26. Section 1129(a)(13) of the Bankruptcy Code is not applicable because Debtor is not required to pay any retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code. Debtor has never funded nor maintained any retiree benefit plans, funds or programs, as defined in Section 1114 of the Bankruptcy Code, which would require any continued funding by Debtor.

L. Section 1129(a)(13).

27. Any unpaid fees due and payable under 28 U.S.C. § 1930 shall be paid as due and owing to the United States Trustee under 28 U.S.C. § 1930 until the Bankruptcy Case is closed or an Order of the Bankruptcy Court is entered relieving Debtor of such obligation.

M. Section 1129(a)(14).

28. This Section is not applicable because Debtor is not an individual and is under no obligation to pay a domestic support obligation.

N. Section 1129(a)(15).

29. This Section is not applicable because Debtor is not an individual and no holder of an allowed general unsecured claim has objected to confirmation of the Plan.

O. Section 1129(a)(16).

30. This Section is not applicable because the Plan does not provide for the transfer of any property.

31. Debtor has filed all necessary Monthly Operating Reports and paid all statutory fees.

**CONCLUSION**

32.     Based on the foregoing, I believe that Debtor has satisfied all elements of Bankruptcy Code §1129(a), that confirmation of the Plan is in the best interests of all parties in interest and I respectfully request that the Bankruptcy Court enter an Order confirming the Plan.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully, I am subject to punishment.

Soleply LLC


Date:   August 12, 2025                              /s/ Thomas Yoder
                                                     THOMAS YODER